UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE W. MAHAN,

       Petitioner,                                      Case No. 1:22-cv-10490

v.                                                 Honorable Thomas L. Ludington
                                                     United States District Judge

ADAM DOUGLAS,[1]

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR BOND**

This matter is before this Court on Petitioner's motions for bond until the resolution of his habeas petition. Both motions will be denied because he has not met the requirements for release.

**I.**

Petitioner Tyrone W. Mahan is a Michigan prisoner at the Saginaw Correctional Facility in Freeland, Michigan. He has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Isabella County plea conviction for larceny in a building, MICH. COMP. LAWS § 750.360, for which he was sentenced as a second habitual offender to 22–72 months' imprisonment. ECF No. 1. He argues not only that the plea record was inaccurate and did not reflect his actual plea offer, but also that his presentence-investigation report contains errors. Respondent has filed Rule 5 materials and an answer to the Petition. ECF Nos. 10; 11.

At issue here are Petitioner's motions for bond and for emergency release. ECF Nos. 8, 9. Petitioner asserts he is "the target of State harassment [and] intimidation," was denied medical and

---

[1] The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Case, Rule 2(a), 28 U.S.C. foll. § 2254.

mental healthcare and accommodations, was exposed to COVID-19, and had an infection in his sinuses and throat resulting in hearing loss. ECF No. 8 at PageID.32–33. He adds he has been deemed a "security threat" because of his litigation in another case. ECF No. 9 at PageID.130. He also claims that he is in segregation without access to a law library and that many of his legal materials have been destroyed or confiscated. *Id.* at PageID.131; ECF No. 8 at PageID.33.

## II.

"A little-known doctrine permits Article III courts to release a detainee on bail if there are extraordinary circumstances that make the granting of bail necessary to make habeas effective." Mary Holper, *Taking Liberty Decisions Away from "Imitation" Judges*, 80 MD. L. REV. 1076, 1111 (2021) (citing *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001)).

Bond pending the resolution of a habeas petition requires "not only a substantial claim of law based on the facts" but also some "exceptional" circumstance that warrants "special treatment in the interests of justice." *Witzke v. Brewer*, No. 16-2356, 2017 WL 4570465, at *1 (6th Cir. Feb. 3, 2017) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). "[C]omity and commonsense dictate that" prehabeas bail is reserved for "very unusual case[s]," as the petitioner is "appealing a presumptively valid state conviction." *Baxter v. Washburn*, No. 19-5323, 2019 WL 2897505, at *1 (6th Cir. May 23, 2019) (quoting *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). These issues are within the district court's discretion. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006).

Petitioner has not shown a substantial claim of law. A substantial claim of law is found, for example, where there is some evidence of the petitioner's innocence. *See, e.g.*, *Puertas v. Overton*, 272 F. Supp. 2d 621, 630 (E.D. Mich. 2003) (finding that petitioner's substantial claim of law was "bolstered significantly" by state trial court's grant of new trial based on *Brady* violation); *Clark v. Hoffner*, No. 16-11959, 2020 WL 1703870, at *3 (E.D. Mich. Apr. 8, 2020)

(same after finding "substantial merit" in petitioner's *Brady* claim). But Petitioner here has not provided any evidence of any proceedings in any court that found merit in any of his habeas claims. Nor has he provided evidence of any favorable treatment of his claims. For these reasons, Petitioner's motions for bond must be denied. And, though a full analysis of the merits of Petitioner's habeas petition is pending, a preliminary review of his pleadings suggests he has neither raised substantial questions of law nor made a strong showing of actual innocence.

Nor has Petitioner provided any exceptional circumstance that warrants special treatment. Such circumstances have included "age, grave medical condition, [a] mandatory, life-preserving treatment regimen[,]" and evidence that medical needs for bladder cancer and heart disease would not be met in prison. *Puertas*, 272 F. Supp. 2d at 629. Also potentially exceptional are a petitioner's high risk of contracting COVID-19 and low "risk of flight or danger to the community." *Clark*, 2020 WL 1703870, at *5. By contrast, Petitioner argues he is being harassed and is ill. But those claims challenge the conditions of confinement and are, therefore, properly brought under 42 U.S.C. § 1983. *See, e.g.*, *Victor v. Reynolds*, 582 F. Supp. 3d 516, 522 (E.D. Mich. 2022) (bringing § 1983 claim for deliberate indifference to serious healthcare needs); *Heard v. Strange*, No. 17-13904, 2021 WL 1976313, at *1 (E.D. Mich. May 18, 2021) (bringing claim for retaliation based on ongoing civil litigation). Petitioner adds that he will not threaten public safety. But that behavior is expected of all inmates and is in no way exceptional. *Cf. United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *6 (E.D. Mich. July 12, 2022) (holding that "being an exemplary inmate" is not "an extraordinary and compelling reason for compassionate release" (citing *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021))). In sum, Petitioner "has not identified any circumstances making this case 'exceptional and deserving of special treatment.'"

*Zahraie v. Cheeks*, No. 1:17-CV-13131, 2022 WL 806580, at *2 (E.D. Mich. Mar. 15, 2022) (citations omitted).

And Petitioner's concern about COVID-19 does not alter the analysis. His mention of COVID-19 is completely unrelated to the claims that he raised in his habeas petition. As such, his request for immediate release is "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at * 4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not 'piggy-back' a separate, unrelated claim to his habeas petition." *Id.* "Although this Court is sympathetic to his concerns, the general risk of COVID-19 does not justify Petitioner's immediate release on bond." *Hammock v. Sprader*, No. 1:19-CV-11171, 2022 WL 2704836, at *3 (E.D. Mich. July 12, 2022).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion Requesting Emergency Release, ECF No. 8, and Emergency Request for Bond, ECF No. 9, are **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 1, 2022                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge