UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE W. MAHAN,

        Petitioner,                         Case No. 1:22-cv -10490

v.                                           Honorable Thomas L. Ludington
                                                 United States District Judge
KIM CARGOR,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

In 2019, Petitioner Tyrone W. Mahan pleaded no-contest in the Isabella County Circuit Court to one count of larceny in a building, MICH. COMP LAWS § 750.360, and one count of being a second habitual felony offender, MICH. COMP LAWS § 769.10. In May 2022, while serving his state court sentence, Petitioner filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises two grounds for habeas relief but, as explained below, both are largely non-cognizable and lack merit. So, Petitioner's Petition will be dismissed with prejudice. Because reasonable jurists would not debate this dismissal, this Court will decline to issue a certificate of appealability. And, because no appeal would be taken in good faith, this Court will deny Petitioner leave to appeal *in forma pauperis*.

---

[1] The proper respondent in a habeas case is the Petitioner's custodian, that is, the warden of the facility where the Petitioner is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a) foll. 28 U.S.C. § 2254. Although both Petitioner's Petition and the Government's Answer list Noah Nagy as the Respondent, ECF Nos. 1 at PageID.1; 10 at PageID.133, the current Warden of the G. Robert Cotton Correctional Facility is Kim Cargor. *G. Robert Cotton Correctional Facility (JCF)*, MICH. DEP'T OF CORR. https://www.michigan.gov/corrections/prisons/g-robert-cotton-correctional-facility (last visited Oct. 17, 2024) [https://perma.cc/MF7R-WR5X].

**I.**

In April 2019, Petitioner Tyrone W. Mahan was charged in the Isabella County Circuit Court with (1) first degree home invasion; (2) larceny in a building; and (3) being a fourth felony habitual offender. ECF No. 11-1 at PageID.195. On May 22, 2019, under a plea agreement with the trial prosecutor, Petitioner pleaded no contest to the larceny count and a reduced second felony habitual offender count. *See* ECF Nos. 11-2 at PageID.204–05, 210–11; 11-8 at PageID.291. The home invasion count was dismissed. ECF No. 11-8 at PageID.291. Petitioner also agreed to testify against his co-defendants. *Id.*; *see also* ECF No. 11-2 at PageID.205. On July 22, 2019, Isabella County Circuit Court Judge Mark H. Duthie sentenced Petitioner to twenty-four months to six years in prison. ECF No. 11-4, PageID.249–50.

Petitioner then sought to withdraw his no-contest plea, on the ground that the complete plea agreement had not been disclosed on the record at the time of his plea. *See* ECF No. 11-5. But, in June 2020, Judge Duthie denied Petitioner's motion to vacate, concluding that, although the entirety of Petitioner's plea agreement was not placed on the record, the prosecutor nevertheless abided by the terms of the plea agreement by dismissing the home invasion count and reducing the fourth felony habitual offender count. *Id.* at PageID.259–60 ("The Court does not believe that the failure to articulate on the record the dismissal of the home invasion first count and not proceeding as a habitual fourth is an error which would allow the plea to be set aside when the People complied with the understanding of the plea agreement by dismissing the home invasion first and not proceeding against defendant as a habitual fourth."). Indeed, Judge Duthie explained that portions of Petitioner's plea agreement were not placed on the record during Petitioner's plea hearing because, during that hearing, he "interrupted" the prosecutor and "[e]verybody agreed [to] go forward" to discuss other aspects of the plea agreement. *Id.* at PageID.258.

In July 2020, Petitioner applied for leave to appeal to the Michigan Court of Appeals, arguing (1) his plea was involuntary; and (2) the state trial court erred in assessing 25 sentencing points against Petitioner under prior record variable three ("PRV 3"), because the court considered a juvenile adjudication Petitioner maintained was dismissed. *See* ECF No. 11-10 at PageID.321–29.

In August 2020, the Michigan Court of Appeals remanded the matter to the Isabella County Circuit Court to conduct an evidentiary hearing regarding the accuracy of Petitioner's sentence. ECF No. 11-10, PageID.437. However, the Michigan Court of Appeals expressly denied Petitioner leave to appeal his involuntary plea claim. *Id.* ("In all other respects, leave to appeal is DENIED.").

On remand, the Isabella County Circuit Court held an evidentiary hearing on the accuracy of Petitioner's sentence on October 6, 2020. *See* ECF No. 11-6. Judge Duthie concluded that Petitioner's juvenile adjudication should have been excluded from consideration when scoring PV3, and accordingly scheduled Petitioner's resentencing for a later date. *Id.* at PageID.272 ("So, for [PV3] I believe the total is ten rather than [25 points]."). Before re-sentencing, Petitioner applied for leave to appeal the Michigan Court of Appeals August 2020 order in the Michigan Supreme Court. *See People v. Tyrone William Mahan*, 957 N.W.2d 808 (Mich. 2021). But the Michigan Supreme Court denied Petitioner's application. *Id.*

On January 21, 2021, the state trial court re-sentenced Petitioner to a reduced sentence of twenty-two months to seventy-two months. ECF No. 11-8, PageID.307–08. Petitioner applied for leave to appeal his resentencing in the Michigan Court of Appeals. *See* ECF No. 11-12, PageID.576. The Michigan Court of Appeals denied Petitioner's application, *id.*, and Petitioner did not apply for leave to appeal to the Michigan Supreme Court.

On March 1, 2022—while confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan—Petitioner filed a Petition for a Writ of Habeas Corpus. ECF No. 1.

## II.

A petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of federal law occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A federal court may not "issue [a habeas] writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*,

541 U.S. 652, 664 (2004)). Thus, to obtain habeas relief in federal court, a state prisoner must show the state court's rejection of his or her claims was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III.

Petitioner seeks federal habeas relief on the following two grounds:

I. Petitioner's plea was involuntary and without due process, ECF No. 1 at PageID.2–5; and

II. Petitioner's resentence was based on "inaccurate information" and "unsupported or unproven assertions," in violation of Petitioner's Fourteenth Amendment due process rights. *Id.* at PageID.5–12.

Each ground will be addressed in turn.

### A. Petitioner's Plea

Petitioner first argues that he is entitled to withdraw his 2019 no-contest plea because neither the prosecutor nor the judge placed the entire plea agreement on the record, in violation of Michigan Court Rule 6.302 and the Fourteenth Amendment to the United States Constitution. ECF No. 1 at PageID.2–5. This argument is without merit.

As a threshold matter, Petitioner has no federal constitutional right to withdraw his no-contest plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless the plea "violated a clearly-established [federal] constitutional right," only the state trial court can allow a petitioner to withdraw it. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

But Petitioner's plea did not violate his Fourteenth Amendment rights. A criminal defendant's guilty or no-contest plea must be voluntary and intelligent. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). A plea is voluntarily and intelligently made if the defendant is aware

of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that may be imposed for the crime he or she is pleading to. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The state has the burden of showing that the plea is voluntary and intelligent. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). In federal habeas proceedings, "the state generally satisfies its burden by producing a transcript of the state court proceedings." *Id.* Indeed, the state court's factual finding that a guilty or no-contest plea was voluntary and intelligent is "generally accorded a presumption of correctness" on federal habeas review. *Id.*

Petitioner first argues that his plea should be set aside because the entirety of his plea agreement was not placed on the state court record, in violation of Michigan Court Rule 6.302. ECF No. 1 at PageID.3; *see also* MICH. COURT. R. 6.302(C)(1) ("[T]he agreement must be stated on the record or reduced to writing and signed by the parties."). But this argument is non-cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764 ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Watkins v. Lafler,* 517 F. App'x 488, 500 (6th Cir. 2013) (noting a "mere violation" of Michigan Court Rule 6.302 "cannot support a habeas claim").

This Court recognizes that, like Michigan Court Rule 6.302, federal Criminal Rule 11 generally requires on-the-record disclosure of plea agreements. FED. R. CRIM. P. 11(c)(2). However, Criminal Rule 11 is not "constitutionally mandated[.]" *United States v. Wilson*, 216 F. Supp. 3d 566, 574 (E.D. Pa. 2016), *aff'd*, 960 F.3d 136 (3d Cir. 2020). Because Criminal Rule 11's disclosure "requirement is not a constitutional" one, a failure to disclose the terms of a plea agreement in open court does not violate the Fourteenth Amendment Due Process Clause, and thus cannot support federal habeas relief. *Id.* Moreover, to the extent Petitioner faults Judge Duthie for

not following federal Criminal Rule 11, "[a] *state* court does not violate federal law merely because it does not follow *federal* rules of procedure." *Scruggs v. Williams*, 903 F.2d 1430, 1434 (11th Cir. 1990) (emphasis added). Indeed, the Supreme Court's "authority to promulgate rules of [federal] procedure is limited to proceedings in federal court." *Id.* (citing 18 U.S.C. §§ 3771, 3772); *see also Alvarez v. Straub,* 21 F. App'x 281, 283 (6th Cir. 2001) (noting that state judge's participation in petitioner's plea negotiations did not entitle petitioner to habeas relief, despite Criminal Rule 11's prohibition on judicial participation in plea negotiations).

In sum, Petitioner is not entitled to federal habeas relief on the grounds that the entirety of his plea agreement was not read onto the record in state court.[2]

### B. Petitioner's PSR

Petitioner next asserts several arguments related to his contention that, both "prior to sentencing" and "after resentencing," his presentencing investigation report (PSR) contained inaccurate information. ECF No. 1 at PageID.5–12.

---

[2] As explained by the Supreme Court:

> The nature of relief secured by a successful collateral challenge to a guilty plea— an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea. Thus, a different calculus informs whether it is wise to challenge a . . . plea in a habeas proceeding because, ultimately, the challenge may result in a *less favorable* outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential."

*Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010)(emphasis original). Notably, if Petitioner were sentenced *without* receiving the benefit of his plea agreement, his statutory maximum sentence would be significantly increased to life in prison. *See* MICH. COMP LAWS §§ 750.110a(5) (noting first-degree home invasion carries a maximum 20-year prison sentence); 769.12(1)(b) (noting felony habitual offenders may be sentenced to life in prison).

Almost all of Petitioner's arguments are non-cognizable. First, to the extent Petitioner raises any arguments concerning his initial sentencing in 2019, these arguments became moot upon Petitioner's resentencing in 2020. *See Hill v. Sheets,* 409 F. App'x 821, 824-25 (6th Cir. 2010). Second, to the extent that Petitioner argues the trial court *failed to correct* PSR inaccuracies when resentencing him, in violation of Michigan Court Rule 6.429, ECF No. 1 at PageID.11, this argument is non-cognizable because "federal habeas relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grounds,* 123 F. App'x 207 (6th Cir. 2005). The same result for Petitioner's third argument—that Judge Duthie incorrectly scored the Michigan Sentencing Guidelines at Petitioner's resentencing. ECF No. 1 at PageID.6, 8. Errors in applying state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003). Fourth, to the extent Petitioner argues he was denied parole based on the purported "inaccurate" PSR information, ECF No. 1 at PageID.6, such argument is not cognizable because the argument "should" be raised in Petitioner's parole proceedings. *Wallace v. Bell*, No. 2:08-CV-11551, 2009 WL 385555, at *6 (E.D. Mich. Feb. 13, 2009), *report and recommendation adopted*, No. 08-11551, 2009 WL 1325462 (E.D. Mich. May 11, 2009) (quoting *Hili v. Sciarotta*, 140 F.3d 210, 216 (2d Cir.1998)).

The only remaining argument is that Petitioner's resentencing deprived him of due process because the state court judge relied on inaccurate information within his PSR. ECF No. 1 at PageID.5. Although cognizable, this argument lacks merit. There is no federal constitutional right to a PSR, let alone an accurate one. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Thus, the mere presence

of inaccurate information within a defendant's PSR does not deny the defendant of Fourteenth Amendment due process and does not support federal habeas relief. *Allen,* 156 F. Supp. 2d at 797. Yet, criminal defendants have the right not to be sentenced based on "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980). Accordingly, a defendant's sentence violates the Fourteenth Amendment if it "was carelessly or deliberately pronounced on an extensive and materially false foundation which the [defendant] had no opportunity to correct." *Draughn v. Jabe,* 803 F. Supp. 70 (E.D. Mich. 1992); *see also Collins v. Buchkoe*, 493 F.2d 343, 345–46 (6th Cir. 1974); *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

But Petitioner's argument fails at the first step because he has not shown that the state trial judge "*relied on* the allegedly false information." *Id.* (emphasis added); *see also Warren v. Miller,* 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Indeed, it is entirely unclear from the Petition how the challenged portions of Petitioner's PSR were false, inaccurate, misleading, or prejudicial in the first instance. *See* ECF No. 1 at PageID.5–12. Petitioner's cognizable, yet unsupported claim that the trial court used incorrect PSR information at his resentencing does not entitle Petitioner to federal habeas relief.

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: October 25, 2024                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge